## EXHIBIT B

## PRIVILEGE LOG

I. **PRIVILEGE LOGGING PROTOCOL**

    A.    General Principles.  Privilege logs shall comply with Fed. R. Civ. P. 26(b)(5), which requires a party to:

        1.    Expressly identify the privilege asserted; and

        2.    Describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess this claim. Fed. R. Civ. P. 26(b)(5).

    B.    Specific Principles.

        1.    **Asserting Privilege or Protection.** A party who withholds or redacts documents on the grounds of attorney-client privilege and/or work product protection shall provide:

            a.    a listing of such documents in electronic spreadsheet format providing the following objective metadata fields ("objective metadata" does not include substantive content from, or a subjective description of, the document being withheld or redacted):

                i.    the Bates number of the document (if redacted);

                ii.    the nature of the privilege asserted (e.g., "attorney-client privilege" or "attorney work product");

                iii.    the name(s) of the author(s) of the document, (if known) (to the extent a document is comprised of an email chain, the name of the author on the most recent email in the chain will be identified);

                iv.    the name(s) of the recipient(s) of the document, including anyone who was sent the document as a "CC" or a "BCC," (if known) (to the extent a document is comprised of an email chain, the name(s) of the recipient(s) on the most recent email in the chain will be identified);

        v.      the custodian(s) of the document;

        vi.      the document type, including, for example, whether the document is an email, paper file, a meeting presentation, a spreadsheet, or other descriptive identifier of the document type;

        vii.     the date the document was created (if known), sent (if applicable); and last modified (if applicable).

b.    The withholding/redacting party need not provide an individualized or subjective description of the privilege or protection claimed for documents corresponding to the following categories because the parties agree that the individual review of such categories is not worth the time and/or expense necessary to do so:

        i.       Communications involving outside counsel;

        ii.      Emails from an attorney and attachments;

        iii.     Emails sent to an attorney (attorney in the TO field) and attachments;

        iv.     Emails copied to an attorney (attorney in the CC field) and attachments;

        v.      Documents prepared or edited by an attorney (not attached to emails);

        vi.     Documents prepared or edited for review by an attorney (not attached to emails);

        vii.    Emails between non-lawyers conveying legal advice;

        viii.   Documents with reference to legal advice; and

        ix.     Status of legal matters, legal settlements.

c.    The withholding/redacting party shall specify the category to which a privileged or protected document corresponds.

d.    The withholding/redacting party shall provide individualized descriptions for documents that it asserts are

privileged or protected but that do not correspond to a category listed above.

2. **Documents presumptively not to be logged on Privilege Log**. The following documents presumptively need not be included on a privilege log:

    a. Written or electronic communications regarding this action exclusively between a party and its trial counsel after commencement of this action; and

    b. work product solely related to this action created by trial counsel after commencement of the action.

3. **Privilege Log descriptions of email threads**. A party may use electronic email threading to identify emails that are part of the same thread and need include only an entry for the most inclusive email thread on the log to identify withheld or redacted emails that constitute an email thread; provided, however, that disclosure must be made that the e-mails are part of an email thread.

4. **Privilege Log descriptions of exact duplicates**. A party need include only one entry on the log to identify withheld documents that are exact duplicates.

5. The privilege log should indicate which individuals listed on the log are attorneys.

II.  **PRIVILEGE LOGGING PROTOCOL**

   A.  **Challenging Asserted Privilege and Protection.** If a party challenges in writing an assertion of privilege or protection from discovery then the parties shall meet and confer and make a good faith effort to cooperatively classify the challenged documents into categories that are subject to common factual and legal issues in so far as practicable and shall attempt to resolve the privilege challenges. If thereafter, the parties are unable to resolve any of the privilege challenges, the parties shall jointly request a conference with the Court to devise a plan for resolving the challenges, which normally will include:

       1. a schedule for briefing the legal issues relevant to each category;

       2. a ruling date for issues that can be resolved on the briefs alone; and

3.      a schedule for providing representative samples for the Court's review in camera with respect to any categories that cannot be resolved on the briefs; and

4.      a schedule for the parties to meet and confer to attempt in good faith to apply the Court's rulings on the samples to whole categories or within categories insofar as possible; and

5.      a schedule for repeating this process as needed.